# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIEM KLDS,<br><br>                Plaintiff,<br>vs.<br>LEGAL RECOVERY LAW OFFICES; ANDREW RUNDQUIST; and Does 1 through 10,<br><br>                Defendants. | CASE NO. 13-CV-97 WQH (BGS)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Plaintiff's Ex Parte Motion to File Second Amended Complaint ("Motion for Leave to File SAC"). (ECF No. 13).

## BACKGROUND

    On January 14, 2013, Plaintiff Mariem Klds filed a Complaint against Defendants Legal Recovery Law Offices, Andrew Rundquist and Does 1-10 ("Defendants"). (ECF No. 1).

    On January 28, 2013, Plaintiff filed the First Amended Complaint against Defendants, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, *et seq*.) and the California Rosenthal FDCPA (Cal. Civ. Code §§ 1788-1788.32). (ECF No. 6).

    On April 16, 2013, Plaintiff filed the Motion for Leave to File SAC. (ECF No. 13). Plaintiff requests leave to amend in order "to bring all the known claims and

parties into this action so that the litigation can proceed expeditiously to resolve all the issues between the part[ies]." *Id.* at 4.  On April 30, 2013, Defendants filed an opposition, in which they contend that leave should be denied because Plaintiff did not file a proposed second amended complaint or identify the claims and/or parties she seeks to add.  (ECF No. 18).

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a).  While "[t]his policy is to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003),  Federal Rule of Civil Procedure 7 provides that any motion requesting a court order "must ... state with particularity the grounds for seeking the order...." Fed. R. Civ. P. 7(b)(1)(B).

Plaintiff did not attach a proposed second amended complaint to her motion, and there is no federal or local rule of civil procedure requiring that she do so. *See* Fed. R. Civ. P. 15(a); S.D. Cal. Civ. L.R. 15.1; *see also Stone v. Advance Am.*, 08-CV-1549-WQH(WMC), 2009 WL 2242350, at *3 (S.D. Cal. July 24, 2009).  However, Plaintiff has not identified any party, claim or allegation that she seeks to add to her complaint. The Court concludes that Plaintiff has failed to "state with particularity the ground for seeking" leave to amend.  Fed. R. Civ. P. 7(b)(1)(B).  Plaintiff's request for leave to amend is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File SAC (ECF No. 13) is DENIED with leave to refile no later than fifteen (15) days from the date of this Order.

DATED: May 22, 2013

**WILLIAM Q. HAYES**
United States District Judge